UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:
SAMUEL E. MENDENHALL,                               Case No. 13-03404-MAM
DEAUNDRA W. MENDENHALL,
    *Debtors.*

SADIE GAMBLE,
    *Plaintiff,*

v.
                                        Adv. Pro. No. 14-00004

SAMUEL E. MENDENHALL,
DEAUNDRA W. MENDENHALL,
    *Defendants.*

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

    Douglas K. Dunning, Attorney for Plaintiff, Mobile, AL
    James E. Loris, Attorney for Defendants, Mobile, AL

    This case is before the Court on the Defendants' Motion to Dismiss. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the Defendants' Motion to Dismiss.

## FACTS

    The Debtors filed a Chapter 7 petition on September 27, 2013. The first date set for the § 341 meeting of creditors was October 28, 2013. The deadline established for objecting to discharge was December 27, 2013. The Plaintiff was properly notified of this deadline through her counsel. The Debtors received their discharge and the case was closed on December 30, 2014.

1

On December 23, 2013, the Plaintiff filed a "Third-Party Complaint" in the Debtors' main bankruptcy case. It alleged that a debt owed to the Plaintiff was nondischargeable pursuant to §§ 523(a)(6) and 523(a)(9). On December 26, 2013 the following Error Notice was generated in the case:

> Notice of Filing Error – Incorrect plan Event. This is an Adversary Proceeding. Document attached is not appropriate for the docket event selected. Filing terminated. No action has been taken by the court regarding this filing. **IF action is required of the court,** the document should be refiled using the proper CM/ECF Plan/Amended Plan Event. (related document(s) <u>18</u> Third-Party Complaint filed by Sadie G Gamble)

On January 09, 2014, the Plaintiff commenced this adversary proceeding by filing a Complaint Challenging Dischargeability of Debt. The Plaintiff alleged that the debt owed her is nondischargeable pursuant to §§ 523(a)(6) and 523(a)(9). The Plaintiff filed an amended complaint on January 17, 2014. On June 30, 2014, the Plaintiff requested that an Alias Summons be issued. The Alias Summons was issued on June, 30, 2014. The Defendants were served with the complaint on July 18, 2014.

## LAW

Federal Rule of Civil Procedure (FRCP) 12 is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure (FRBP) 7012. FRCP 12 permits certain defenses to be raised by motion prior to a defendant's filing of an initial responsive pleading. Here, the Defendants raised a 12(b)(6) motion to dismiss for failure to state a claim prior to filing an answer to the complaint. As grounds, the Defendants assert that the Plaintiff's complaint was untimely filed and should therefore be dismissed.

FRBP 4007 sets forth distinct deadlines for nondischargeability actions based on § 523(a)(6) and those based on § 523(a)(9). Therefore, the Court will analyze the claims separately.

### I. Section 523(a)(6) Claim

Section 523(a)(6) excepts from discharge "any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." Section 523(c)(1) states that "the debtor shall be discharged from a debt of a kind specified in (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." FRBP 7001(4) states that, with limited exceptions, an action objecting to a discharge must be brought as an adversary proceeding. FRBP 4007(c) sets forth the "Time for Filing Complaint Under § 523(c) in a Chapter 7 Liquidation . . . ." The Rule states that ". . . a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

The federal rules use notice pleading. "The purpose of notice pleading is to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Consequently, 'all pleadings shall be construed so as to do substantial justice.'" (internal citations omitted). *In re Marino,* 37 F.3d 1354 (9th Cir. 1994). FRCP 15 which is made applicable to adversary proceedings in bankruptcy through FRBP 7015 provides that "An amendment to a pleading relates back to the date of the original pleading when (B) the

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Courts have used the relation back rule to cure defective filings objecting to the dischargeability of a debt under § 523. *See In re Levine,* 132 B.R. 646 (Bankr. M.D. Fla. 1991); *In re S.N.A. Nut Co.,* 197 B.R. 642 Bankr. N.D. Ill. (1996); *In re Rand,* 144 B.R. 253 (Bankr. S.D.N.Y. 1992).

The Plaintiff admits that she received timely notice of the Debtors' bankruptcy. The Court notes that the Plaintiff's filing of this adversary proceeding on January 09, 2013 occurred after the bar date for such actions ran on December 27, 2013. The Plaintiff argues that her January 09, 2014 filing of this adversary proceeding should, however, relate back to her improper but timely filing of a "Third-Party Complaint" in the Debtors' main bankruptcy case on December 23, 2013. The question for the Court is whether a timely complaint to initiate a nondischargeability adversary proceeding that is improperly filed in a debtor's main bankruptcy case gives the debtor sufficient notice of the action such that an untimely, but properly filed complaint relates back? In short, yes. When the late-filed complaint "asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out . . . in the original pleading," it relates back to the improper, though timely filed pleading.

In *In re Rand,* 144 B.R. 253 (Bankr. S.D.N.Y. 1992), within the time period for objecting to discharge, a creditor wrote a letter to the judge objecting to the discharge. After the deadline for objecting to discharge had passed, the creditor commenced a *pro se* adversary proceeding against the debtor. The debtor moved to dismiss arguing that the creditor's action was time barred since she did not timely and properly commence an adversary proceeding. The court found that while the debtor did not timely submit an adversary proceeding cover sheet and otherwise technically comply with the requirements for commencing an adversary proceeding,

her letter to the judge satisfied the FRCP 8(a) requirements for a complaint and the FRBP 7008 requirements that a complaint reference the name, number, and chapter of the related bankruptcy case. Therefore, her untimely adversary proceeding related back to the timely filing of her letter objecting to the debtor's discharge.

Like the creditor in *Rand*, the Plaintiff in this case attempted to timely object to the Debtors' discharge of her debt. However, she did not click the necessary box in CM/ECF to commence an adversary proceeding. Her December 23rd filing did, however, comply with the requirements of FRCP 8(a). The filing referenced the name, number, and chapter of the Debtors' bankruptcy case. However, the filing did not comply with FRBP 7008 in that it did not contain a statement of whether the proceeding was core or non-core. Further, it was not properly styled. Despite these technical defects, the December 23rd filing was sufficient to put the Debtors on notice that the Plaintiff was objecting to the discharge of her debt under §§ 523(a)(6) and (a)(9). For this reason, the Court finds that the January 09, 2014 filing relates back to the December 23, 2013 filing and was therefore timely brought. The Defendants' Motion to Dismiss is denied with respect to the Plaintiff's § 523(a)(6) claim.

**II. Section 523(a)(9) Claim**

Section 523(a)(9) excepts from discharge "any debt for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." Section 523 does not require creditors to commence an adversary proceeding to have such debts declared nondischargeable. Rule 4007(b) which sets forth the "Time for Commencing Proceeding Other Than Under § 523(c) of the Code." It states that "A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the

purpose of filing a complaint to obtain a determination under this rule." However, the burden is on the debtor to commence an adversary proceeding to have such a debt declared dischargeable. It is presumptively nondischargeable. For this reason, and because the 60-day time limit for bringing § 523(a)(6) actions does not apply to § 523(a)(9) debts, the Defendants' Motion to Dismiss is denied with respect to the Plaintiff's § 523(a)(9) claim.

For the reasons set forth above, IT IS ORDERED that

1.) The Defendants' Motion to Dismiss is DENIED with respect to the § 523(a)(6) claim; and

2.) The Defendants' Motion to Dismiss is DENIED with respect to the § 523(a)(9) claim.


Dated:   September 10, 2014


MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE